United States District Court
District of Massachusetts

```
_____
                              )
CHANMALY VILAYTHONG,          )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )   Civil Action No.
STERLING SOFTWARE, INC., SYNTEL, )   18-10935-NMG
INC. and PRAPAGAR VANJIAPPAN, )
                              )
          Defendants.         )
                              )
SYNTEL, INC.,                 )
                              )
          Cross Claimant,     )
                              )
     v.                       )
                              )
STERLING SOFTWARE, INC.,      )
                              )
          Cross Defendant.    )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Chanmaly Vilaythong ("Vilaythong" or "plaintiff") brings this claim for unpaid wages pursuant to the Massachusetts Wage and Hour Act, M.G.L. c. 149, §§ 148 and 150, against defendants Sterling Software, Inc. ("Sterling"), Syntel, Inc. ("Syntel") and Prapagar Vanjiappan ("Vanjiappan") (collectively "defendants"). The complaint was originally filed in Massachusetts Superior Court but was removed to this Court by Syntel which relied on this Court's diversity jurisdiction under

28 U.S.C. § 1332.   Before this Court are plaintiff's motion to remand to the Massachusetts Superior Court (Docket No. 7), Sterling's motion to dismiss the complaint for lack of subject matter jurisdiction (Docket No. 12) and plaintiff's motion to amend the complaint (Docket No. 19).[1]

I.   **Background**

    A.   **The Parties**

Plaintiff is a resident of Boston, Massachusetts.   Both defendants Sterling and Syntel are incorporated and have their principal places of business in Michigan.   Syntel also has an office in Boston, Massachusetts.   Defendant Vanjiappan formerly resided in Massachusetts and worked at Syntel's Boston office but is not a lawful permanent resident of the United States.   It is unclear whether Vanjiappan currently resides in the United States or in a foreign country.

Both Sterling and Syntel regularly partner with one another on business matters.   Sterling provides software development, systems integration and consulting, and systems administration and maintenance services for its clients across the country. Syntel engages in product engineering, information technology

---

[1] In its motion to dismiss, Sterling cites and relies upon Fed. R. Civ. P. 12(b)(2) (dismissal for lack of personal jurisdiction) and 12(b)(6) (dismissal for failure to state a claim).   Sterling only addresses in that motion the insufficiency of the amount in controversy and therefore the Court construes Sterling's motion to dismiss as a challenge to subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

and cybersecurity services to help clients in various industries automate their business practices.

Vilaythong was hired by Syntel as a business analyst and was assigned to perform work at the site of one of Syntel's clients, State Street Corporation ("State Street"), in Quincy, Massachusetts.  From June, 2014, through March, 2018, Vilaythong worked at State Street but was paid by Sterling and Syntel. Syntel paid Sterling $62 for every hour Vilaythong worked at State Street and Sterling, in turn, paid Vilaythong $52 per hour for her services.  She was paid on a monthly basis based on her hours reported to Vanjiappan, the senior Syntel manager at State Street, who was allegedly responsible for ensuring that Vilaythong was paid properly.

In December, 2017, January, 2018, and February 2018, plaintiff worked 48 hours, 168 hours and 144 hours, respectively.  She has not been paid for any of those hours by either Sterling or Syntel.  Plaintiff continued to work through March, 2018, but received no assurance that she would be paid for those hours either.

### B.   Procedural History

In March, 2018, plaintiff filed her complaint in the Massachusetts Superior Court for Suffolk County and requested $27,500 in compensatory damages along with treble damages and attorneys' fees as authorized by the Massachusetts Wage and Hour

Act, M.G.L. c. 149, § 150.  Vilaythong alleges that Syntel and Sterling are jointly liable to her for the unpaid wages as her joint employers.  In-house counsel for Syntel, who was authorized to accept service of process, received a copy of the complaint by email on April 10, 2018.  Syntel then filed a notice of removal to this Court on May 9, 2018, one day before the deadline for filing of such a notice.  That notice indicated that: 1) Sterling consented to the removal, 2) the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 3) upon information and belief, Vilaythong was a citizen of a foreign country or a citizen of the United States depending upon her immigration status and Vanjiappan was a citizen of a foreign country who no longer resided in the United States.

On May 16, 2018, Syntel filed its answer and cross-claim against Sterling and the following day filed a corrected notice of removal to clarify that plaintiff was, in fact, a citizen of the United States and that Vanjiappan was, in fact, a foreign citizen but had not left the United States.

On May 18, 2018, plaintiff filed a motion to remand to Massachusetts state court, contending that 1) the notice of removal was untimely because Syntel filed a corrected notice of removal beyond the 30-day removal period which then became the operative pleading and 2) Vanjiappan is a resident of Massachusetts and thus there is a lack of complete diversity.

In June, 2018, Sterling filed a motion to dismiss for lack of subject matter jurisdiction, asserting that plaintiff's claim failed to satisfy the amount in controversy requirement for diversity jurisdiction because she alleged substantially less than $75,000 in unpaid wages.  In September, 2018, plaintiff filed a motion to amend her complaint.

## II.   Motion to Remand and Motion to Dismiss

### A.   Legal Standard

A plaintiff faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1) bears the burden of establishing that the court has subject matter jurisdiction over the action. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant proffers a "sufficiency challenge", the court will assess plaintiff's jurisdictional allegations liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id.  The court has "broad authority" in conducting the inquiry and can, in its discretion, order

discovery, consider extrinsic evidence or hold evidentiary hearings in determining its own jurisdiction. Id. at 363-64.

Federal diversity jurisdiction is available in cases arising between citizens of different states or a citizen of a state and a citizen of a foreign state in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity between the plaintiffs and the defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (emphasis in original). For purposes of diversity jurisdiction, a corporation is a citizen of every state and foreign state in which it is incorporated and the one state or foreign state where it maintains its principal place of business. § 1332(c)(1). A foreign citizen cannot be considered a United States citizen for diversity jurisdiction purposes unless that person has obtained a visa allowing him or her permanent residence. Highfields Capital, Ltd. v. Scor, Civil Action No. 04-10624-MLW, 2006 U.S. Dist. LEXIS 97087, at *4-5 (D. Mass. Aug. 1, 2006) (citing cases). The party seeking to invoke federal jurisdiction bears the burden of establishing subject matter jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

As long as the amount in controversy is alleged in good faith, the general federal rule has long been to give deference to the amount alleged. Horton v. Liberty Mut. Ins. Co., 367 U.S.

348, 353 (1961); see also 28 U.S.C. § 1446(c)(2).  The First Circuit Court of Appeals has established that the good faith component of the amount in controversy requirement includes an objective element. See Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 6-7 (1st Cir. 1995).  In evaluating good faith courts must consider whether it appears "to a legal certainty" that the amount in the complaint cannot exceed the jurisdictional minimum. See id.  In determining whether the amount in the complaint exceeds the jurisdictional minimum, a court must consider damage multipliers and attorneys' fees that are statutorily authorized. Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (collecting cases).  Courts aggregate the claims against multiple defendants to satisfy the amount in controversy requirement where the defendants are jointly liable. See LM Ins. Corp. v. Spaulding Enters. Inc., 533 F.3d 542, 548 (7th Cir. 2008); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1263 n.7 (11th Cir. 2000); Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961).

Removal of the action is proper if the court determines that, by a preponderance of the evidence, the amount in controversy exceeds $75,000. § 1446(c)(2)(B); see also Lucas, 973 F. Supp. 2d at 100 (collecting cases).  The notice of removal shall be filed within 30 days of the defendant receiving either a copy of the initial pleading or service of summons and

all defendants properly joined and served must join in or
consent to the removal to federal court. § 1446(b), (b)(2)(A).
Nevertheless, courts generally allow a defendant to amend a
notice of removal beyond the 30-day period "for technical
defects in the jurisdictional allegations, but not to add a new
basis for federal jurisdiction." Kauders v. Uber Techs., Inc.,
Civil Action No. 16-11659-FDS, 2017 WL 903455, at *3 (D. Mass.
Mar. 7, 2017); see also 28 U.S.C. § 1653 ("Defective allegations
of jurisdiction may be amended, upon terms, in the trial or
appellate courts.").

   **B.   Application**

   As an initial matter, this action was timely removed to
this Court on the basis of its diversity jurisdiction.  Syntel's
authorized agent received a copy of plaintiff's complaint on
April 10, 2018.  While there is a dispute as to whether that
receipt constituted proper service under the Federal Rules of
Civil Procedure, it is unnecessary for this Court to resolve
that issue to find that the notice of removal here was timely
filed.  Even assuming that proper service of process was made on
April 10, Syntel filed a notice of removal (in which Sterling
apparently consented) on May 9 which was within the 30-day
removal period.

   Although Syntel filed an amended notice of removal a week
later, that amended notice did not set forth a new basis for

-8-

federal subject matter jurisdiction but rather corrected some minor factual allegations in the original notice of removal, such as confirming that plaintiff was indeed a citizen of Massachusetts and that Vanjiappan was a foreign citizen who had not left the United States.  Those corrections did not render the removal untimely or improper.

Furthermore, there is apparently complete diversity of citizenship among the parties.  Vilaythong does not contest that Syntel and Sterling are both incorporated in Michigan and maintain their principal places of business (their headquarters) in Michigan.  Thus they are Michigan citizens for purposes of diversity jurisdiction.  Rather, plaintiff proclaims that Vanjiappan, at least at some point, worked and resided in Massachusetts and thus should be considered a Massachusetts resident which would destroy complete diversity of citizenship. Syntel has provided uncontested evidence, however, that Vanjiappan is not a lawful permanent resident of the United States and is therefore considered a foreign citizen for purposes of diversity jurisdiction.  Because plaintiff is a citizen of Massachusetts and the defendants are citizens of either Michigan or a foreign state, there is complete diversity of citizenship.

Finally, the Court finds that the amount in controversy exceeds $75,000.  In the civil cover sheet to plaintiff's

complaint, she requests $27,500 and her complaint alleges that
Syntel and Sterling are jointly liable to her for that amount.
That is a plausible estimate of plaintiff's unpaid wages, given
that she worked a total of 360 hours during the months at issue
and an undisclosed additional number of hours in March, 2018.
While it is unclear exactly how many hours plaintiff worked in
March, 2018, it is plausible that she worked at least 140 hours
that month based on the number of hours she worked in the prior
two months when she took no time off.  That means that
Vilaythong worked approximately 500 hours between December,
2017, and March, 2018, which, at $52 per hour, would amount to
$26,000 in unpaid wages.  Based on the payment arrangement
alleged in the complaint, it is plausible that Syntel and
Sterling are jointly liable for those unpaid wages owed to
plaintiff and thus the claims against those defendants may be
aggregated to satisfy the jurisdictional amount.

     Once trebled pursuant to the Massachusetts Wage and Hour
Act, the unpaid wages total $78,000 without including attorneys'
fees authorized under that statute.  Based on the information
alleged in the complaint, the Court concludes that it is more
likely than not that the amount in controversy in this matter
exceeds $75,000 and thus it has subject matter jurisdiction
pursuant to 28 U.S.C. § 1332.  Plaintiff's motion to remand and

Sterling's motion to dismiss for lack of subject matter jurisdiction will, therefore, be denied.

### III. <u>Motion to Amend Complaint</u>

#### A.   Legal Standard

Pursuant to Fed. R. Civ. P. 15(a), a party may amend her complaint once as a matter of course either before the other party files a responsive pleading or 21 days thereafter. Fed. R. Civ. P. 15(a)(1).  All other amendments require the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).  The court "should freely give leave [to amend] when justice so requires." <u>Id.</u>  Although Rule 15 has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. <u>See</u> <u>Resolution Trust Corp.</u> v. <u>Gold</u>, 30 F.3d 251, 253 (1st Cir. 1994).  An amendment is "futile" if the amended claim would fail to state a claim upon which relief can be granted. <u>Glassman</u> v. <u>Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996).

#### B.   Application

Plaintiff filed the original complaint in state court in March, 2018.  In September, 2018, she filed a motion to amend the complaint to add Atos as an additional corporate defendant. Because that motion occurred more than 21 days after the filing of the first responsive pleading, Vilaythong seeks leave of the Court to amend the complaint.

Notwithstanding the fact that plaintiff has not adequately identified the proposed new corporate defendant which needs to be remedied, the Court finds no reason why her motion to amend the complaint should not be allowed.  There does not appear to be any undue delay in the filing of the motion and the case is still in its early stages.  Nor is any inconvenience imposed upon the parties from allowing plaintiff to amend the complaint.

Syntel contends that plaintiff's motion to amend should be denied because her proposed amendment does not state a claim for which relief can be granted.  Syntel asserts that Vilaythong does not claim she had a contractual relationship with Atos or was otherwise entitled to compensation from Atos but rather only that Atos acquired Syntel's shares.  Syntel submits that plaintiff fails to explain how such an acquisition would make Atos liable to her for unpaid wages but Syntel lacks standing to assert the legal rights or interests of a third party. See Warth v. Seldin, 422 U.S. 490, 499 (1975).  Rather than argue that the proposed amended complaint would fail to state a viable claim against Syntel, it attempts to show that there would be no viable claim against Atos.  It is for Atos, however, to make that argument for itself.  The Court will allow plaintiff's motion to amend the complaint.

<u>ORDER</u>

For the foregoing reasons,

1) plaintiff's motion to remand (Docket No. 7) is **DENIED**,

2) defendant Sterling's motion to dismiss (Docket No. 12) is
   **DENIED** and

3) plaintiff's motion to amend the complaint (Docket No. 19)
   is **ALLOWED.**

**So ordered.**

_/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated December 13, 2018